IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-128-BO-KS

SIGMA GAMMA RHO SORORITY, INC., )
        Plaintiff, )
        )
v. )        O R D E R
        )
SEVEN PEARLS FOUNDATION, INC., )
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling.[1] For the reasons that follow, defendant's motion is denied.

BACKGROUND

Plaintiff initiated this action on March 15, 2023, by filing a complaint in this Court. In its amended complaint, plaintiff alleges as follows. Plaintiff, an historically African American sorority, was founded in 1922 by seven young educators. Amd. Compl. ¶ 1. Plaintiff, Sigma Gamma Rho, has built over the course of the last century a legacy of empowering women, their families, and their communities through sisterhood, leadership, and service. *Id.* ¶ 2. In 2004, plaintiff established defendant, an affiliate organization, to hold title to a new headquarters property for the benefit of plaintiff. *Id.* ¶ 12. Defendant was entrusted to act for the benefit of plaintiff in "purchasing, managing, and maintaining the Sorority's headquarters." *Id.* ¶ 14. Plaintiff

---

[1] Plaintiff has also filed a notice requesting oral argument. The issues and contentions have been adequately presented in the briefing and the Court in its discretion declines to hold a hearing.

permitted defendant to use both its name, the Seven Pearls Foundation, and many of plaintiff's trademarks and trade dress to advertise defendant's events and services, to sell merchandise, and to solicit donations from members of plaintiff sorority. *Id.* ¶ 16. In December 2004, a property in Cary, North Carolina was acquired in the name of defendant to house plaintiff's headquarters; plaintiff provided the down payment to purchase the property as well as funds to pay taxes, maintenance, and other fees and sent defendant the monthly mortgage payments. *Id.* ¶¶ 17, 19. Defendant served as the borrower on the loan and plaintiff guaranteed defendant's indebtedness. *Id.* Plaintiff was to occupy the second floor of the building and the remainder of the space would be rented to offset plaintiff's payments on the mortgage. *Id.* ¶ 18. In 2018, plaintiff sold its original headquarters in Chicago, Illinois and applied the proceeds of the sale to the principal balance of the loan used to purchase the Cary property. *Id.* ¶ 21.

Contrary to plaintiff's expectations, defendant did not offset its monthly mortgage payments by the amounts defendant received from building tenants and defendant obtained a loan for $200,000 using the property as collateral unbeknownst to plaintiff. *Id.* ¶¶ 25, 26. Disagreements about the propriety of defendant's actions resulted ultimately in defendant filing suit against plaintiff in Wake County, North Carolina Superior Court. *Id.* ¶¶ 28-29. Plaintiff alleges that the initiation of the state court action "effectively severed the Foundation's ties to the Sorority" and that, as a result, plaintiff issued a cease and desist letter terminating defendant's "limited permission to use the Sorority's trademarks and trade dress in any manner." *Id.* ¶ 30. Plaintiff alleges that defendant continues to use plaintiff's trademarks and trade dress and "to act in bad faith in appropriating the Sorority's good will and reputation." *Id.* Defendant acknowledged receipt of the cease and desist letter but has allegedly refused to stop using plaintiff's marks. *Id.* ¶ 53.

In its amended complaint, plaintiff alleges claims under the Lanham Act for infringement of federally registered trademarks; trademark infringement, false designation, and unfair competition; and trademark dilution. Plaintiff further alleges claims under North Carolina law for unfair and deceptive trade practices, common law trademark infringement, and common law unfair competition.

## DISCUSSION

Defendant has moved to dismiss plaintiff's amended complaint in its entirety and contends that plaintiff has failed to state any claim upon which relief could be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant argues first that plaintiff actively consented to its use of plaintiff's trademarks, and thus plaintiff cannot state a claim for trademark infringement. But plaintiff's Lanham Act claims are not focused on defendant's use prior to its receipt of the cease and desist letter in February 2023. Moreover, in light of plaintiff's allegations, the Court will not resolve defendant's

3

arguments concerning its affirmative defenses such as laches and implied license at this stage of the proceeding.

The Court further finds that, taking the allegations in the complaint as true, plaintiff has adequately pleaded its trademark claims. "A plaintiff alleging causes of action for trademark infringement and unfair competition must prove (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers." *People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001). Plaintiff has sufficiently alleged each element of its trademark claims, including the reasonable inference that defendant's continued use of the mark is likely to confuse consumers. *See also Rothy's, Inc. v. JKM Techs., LLC*, 360 F. Supp. 3d 373, 386 (W.D. Va. 2018) ("in this circuit, cases hold that a plaintiff need not plead with specificity how the infringing trademark causes confusion"); *see also Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012) (noting that a plaintiff need not forecast evidence necessary to prove a claim, but must allege facts sufficient to state a claim). Moreover, the Court will not dismiss plaintiff's unfair and deceptive trade practices claim as "[c]ourts have determined that North Carolina's Unfair and Deceptive Trade Practices Act . . . prohibits the same type of activity that the Lanham Act prohibits because trademark infringement and false designation undercut the mark holder's goodwill and the consumers' ability to distinguish among products." *Djarum v. Dhanraj Imports, Inc.*, 876 F. Supp. 2d 664, 668 (W.D.N.C. 2012) (internal quotation and citation omitted).

In sum, the Court has considered plaintiff's complaint in light of the applicable standards and determines that plaintiff has plausibly alleged its claims for relief. It further finds that many

4

of defendant's arguments are better suited for decision at a later stage of the proceeding. The motion to dismiss is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 15] is DENIED.

SO ORDERED, this __11__ day of October 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE